Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| YANIRA M. NIEVES RIVAS<br><br>Recurrente<br><br><br>v.<br><br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br><br>Recurrida | TA2025RA00357 | REVISIÓN JUDICIAL Procedente del Negociado de Seguridad de Empleo (NSE)<br><br>Apel. Núm.: SJ-00928-25<br><br>Sobre: Inelegibilidad a los beneficios de compensación por desempleo Sección 4 (b)(1) de la Ley de Seguridad de Empleo de Puerto Rico |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparece ante nos la señora Yanira M. Nieves Rivas (señora Nieves Rivas o recurrente), por derecho propio, mediante el presente recurso de *Revisión Administrativa* y nos solicita que revoquemos la *Decisión del Secretario del Trabajo y Recursos Humanos* emitida el 10 de octubre de 2025 por el Secretario del Departamento del Trabajo y Recursos Humanos de Gobierno de Puerto Rico (DTRH). Mediante el referido dictamen, el Secretario del DTRH confirmó la *Resolución de No Comparecencia* emitida por la Árbitro de la División de Apelaciones, quien a su vez confirmó una determinación de inelegibilidad en base al expediente administrativo y sin la comparecencia de la señora Nieves Rivas. En ella, se declaró a la recurrente inelegible de recibir beneficios al amparo de la Ley Núm. 74 del 21 de junio de 1956, mejor conocida como la "Ley de Seguridad de Empleo de Puerto Rico" (Ley Núm. 74-1956), según enmendada.

Por los fundamentos que exponemos a continuación, **confirmamos** la decisión recurrida.

**-I-**

En el presente caso, la Oficina Local del Negociado de Seguridad de Empleo (NSE o parte recurrida) emitió *Determinación*. Allí declaró inelegible a la señora Nieves Rivas para recibir los beneficios por desempleo en virtud de la sección 4(B)(1) de la Ley Núm. 74 del 21 de junio de 1956. Ello, pues se señaló que la recurrente no estuvo en cierto momento en condiciones físicas o mentales que le permitieran aceptar un trabajo si este le hubiera sido ofrecido, considerándose entonces que no estuvo apta ni disponible para trabajar durante dicho periodo y, por consiguiente, inelegible.[1]

En desacuerdo con esta determinación, la señora Nieves Rivas interpuso una *Solicitud de Audiencia* ante la División de Apelación del DTRH para impugnarla.[2] En atención a ello, la División de Apelaciones del DTRH emitió una *Orden y señalamiento de audiencia ante el árbitro-audiencia telefónica* en la que le notificó a la recurrente lo siguiente:

> La Oficina de Apelaciones ante el Árbitro le cita a una audiencia telefónica a llevarse a cabo ante un Árbitro el 03 de ABRIL de 2025 a las 11:30 am. La audiencia se celebrará telefónicamente a las 11:30 am, hora de Puerto Rico, ante un(a) Árbitro designado(a) para atender su apelación.
>
> Recibirá una llamada telefónica 15 minutos antes de la hora pautada o más tarde ese día. Deberá mantener su línea telefónica desocupada y estar en espera de la llamada. Se llamará al número de teléfono del expediente identificado al final de este documento. Si interesa actualizar el número de teléfono que [con]sta en el exp[e]diente, deberá comunicarse o enviar correo electrónico a la División de Apelaciones ante el Árbitro cinco (5) días antes de la fecha de la audiencia, y si no hace esa gestión renuncia a plantear que su teléfono es distinto al que consta en el expediente. Si no cuenta con un teléfono o si el mismo no está en el expediente, debe notificarlo a la División de Apelaciones ante el Árbitro para que pueda utilizar un teléfono o si el mismo no está en el expediente, debe notificarlo a la División de Apelación ante el Árbitro para que pueda utilizar un teléfono oficial en la Oficina Local, de ser necesario.
>
> […]

---

[1] Véase página 6 del Anejo de la Entrada #7 SUMAC-TA (Expediente Administrativo sometido por la Oficina del Procurador General en representación del NSE.
[2] *Íd.*, págs. 3 y 4.

> Si usted o alguna de las partes no comparece a la audiencia telefónica se entenderá que renunció a participar. También se entenderá que desistió de sus alegaciones y que consintió a que se resuelva el caso con la evidencia que obre en el expediente. […]

Así las cosas, el 3 de abril de 2025, se celebró la vista telefónica ante Árbitro, presidida por la Lcda. Yaira B. Díaz Gonzáles, y sin la comparecencia de la señora Nieves Rivas. Posteriormente, el 1 de agosto de 2025, se le notificó a la recurrente la *Resolución de no comparecencia* emitida por la Árbitro. En el dictamen, se indicó que pese a haber sido notificada de la audiencia ante la Árbitro, la recurrente no contestó el teléfono por lo que determinó su incomparecencia. Basándose pues en el expediente administrativo, se confirmó la determinación de inelegibilidad de la Oficina Local del NSE.

Inconforme, el 13 de agosto de 2025, la recurrente sometió un escrito ante el Secretario del DTRH en el que refutó la decisión interpuesta por la Árbitro del DTRH. Indicó que, no recibió la llamada para la audiencia del 3 de abril de 2025 por defectos telefónicos. A esos fines, solicitó la recalendarización de la audiencia.

Acogido el recurso, el 14 de octubre de 2025, el Secretario del DTRH emitió una determinación en la que confirmó la decisión emitida por la División de Apelaciones del DTRH. Allí, indicó que, la Árbitro marcó al nuevo número notificado por la reclamante, (939) 223-7898, e incluso dejó mensaje de voz, sin recibir respuestas. A esos fines, concluyó que, la árbitro hizo uso de su discreción para revisar el caso en base a la evidencia que obra en el expediente.

En desacuerdo aun, el 10 de noviembre de 2025, la señora Nieves Rivas presentó el recurso de revisión de epígrafe en el cual manifestó que erró la División de Apelaciones del DTRH al declararla inelegible para recibir los beneficios por desempleo sin su comparecencia. Atendido el mismo, el 2 de diciembre de 2025, emitimos una *Resolución* en la que autorizamos a la señora Nieves Rivas a litigar de forma *pauperis*. Además,

ordenamos a la parte recurrida a presentar su posición dentro del término dispuesto en la Regla 63 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). En cumplimiento, el 7 de enero de 2026, el NSE presentó un *Escrito en cumplimiento de orden*. Al día siguiente, le ordenamos someter copia certificada el expediente administrativo; orden que cumplió el 12 de enero de 2026. Así pues, con el beneficio de la comparecencia de todas las partes, damos por sometido el asunto y procedemos a resolver la cuestión ante nos planteada.

**-II-.**

*A.*

Con el fin de promover la seguridad de empleos y facilitar las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo en el que otorgue compensación a personas desempleadas, se aprobó la Ley Núm. 74 del 21 de junio de 1956, mejor conocida como la "Ley de Seguridad de Empleo de Puerto Rico" (Ley Núm. 74-1956), según enmendada[3]. Esta ley, permite que una vez un trabajador queda desempleado, pueda presentar una solicitud ante el Departamento del Trabajo para determinar su condición de asegurado, según las aportaciones patronales.[4]

La Sección 4 de la Ley Núm. 74-1956, establece las condiciones de elegibilidad para recibir los beneficios por desempleo. Además, enumera las causas para descalificar a un reclamante de estos beneficios. En lo pertinente al caso de epígrafe, la Sección 4(b)(1) de la Ley Núm. 74-1956, descalifica a la persona que: "no estaba apt[a] para trabajar o no estaba disponible para realizar trabajo adecuado durante dicha semana".

---

[3] 29 LPRA sec. 701.
[4] 29 LPRA sec. 705.

Además, el mencionado estatuto regula el derecho del reclamante a apelar la descalificación. De esa manera, la Sección 6 de la Ley Núm. 74-1956 establece que las personas con derecho a apelar una determinación tendrán quince (15) días desde que fue enviada la determinación final.[5] Asimismo, indica que las audiencias serán presididas por un Árbitro, quien concederá a todas las partes una oportunidad razonable para la celebración de una audiencia. Una vez celebrada, el árbitro hará sus determinaciones y notificará a las partes a su última dirección conocida.[6]

*B.*

Por otro lado, y en virtud de la Ley Núm. 74-1956, el DTRH adoptó el Reglamento número 9056 del 8 de noviembre de 2018, *Reglamento para administrar el programa de seguro por desempleo* (Reglamento 9056). Esto, con el fin de establecer los procedimientos a seguir para la reclamaciones y pago de beneficios por desempleo.

En lo pertinente, el Artículo 6 de la reglamentación discute los asuntos relacionados al orden y peso de la prueba, manejo de la evidencia, responsabilidades de árbitros y la conducción de las audiencias en apelación.[7] En cuanto a la radicación de las apelaciones, cualquier parte con derecho a ser notificado de una determinación podrá apelar la decisión dentro de quince (15) días desde que fue enviada por correo o algún otro medio a su última dirección conocida. La apelación deberá realizarse por escrito y será presentada ante la División de Apelaciones dentro del período correspondiente.[8]

Una vez acogida, la División de Apelaciones determinará si la audiencia se celebrará personalmente, por vía telefónica u otro medio electrónico disponible. La notificación de la audiencia telefónica deberá

---

[5] 29 LPRA sec. 705(a).
[6] 29 LPRA sec. 706(b).
[7] Artículo 6, inciso 6.1 del Reglamento 9056.
[8] *Íd.*, inciso 6.2 (a) del Reglamento 9056.

contener, entre otros requisitos, nombre, dirección y teléfono del patrono; la dirección, número de teléfono, número de fax y dirección de correo electrónico de la División de Apelaciones o la Oficina de Apelaciones ante el Secretario; indicar que cualquier documento debe ser dirigido a dicha dirección; referencia a que las partes pueden examinar el expediente de la Oficina Local del Negociado, sujeto al cumplimiento con la Sección 14K de la Ley sobre Confidencialidad y Divulgación de la Información; advertencia de que las personas podrán comparecer por derecho propio o asistidas por abogado; información sobre alternativas para ciudadanos que necesiten acomodo razonable.[9]

La audiencia que se lleve a cabo por teléfono deberá comenzar una vez el árbitro certifique la comparecencia de todas las partes o ante la imposibilidad de contactar a alguna de las partes luego de realizar un esfuerzo razonable. Precisa enfatizar, que toda audiencia deberá grabarse mediante un sistema video-magnetofónico, digital u otro medio que garantice la preservación e integridad del proceso y permita la reproducción de la grabación. Al iniciar la audiencia, el árbitro debe verter para récord su nombre completo, el de las partes y su representante, si alguno; día, hora y lugar; hacer constar si la audiencia se celebrara por teléfono; verificar la dirección de las partes. **En cambio, si al momento de generar las llamadas telefónicas, la parte apelante no contesta el teléfono o no puede ser localizada, se entenderá como incomparecencia y el árbitro tendrá la anuencia de continuar sin la comparecencia o resolver por el expediente.**[10]

### -III-

Tal cual expusimos en el primer acápite, la señora Nieves Rivas sostiene que el Secretario del DTRH se equivocó al confirmar la

---

[9] *Íd.*, inciso 6.2 (c) del Reglamento 9056.
[10] *Íd.*, inciso 6.2 (d) del Reglamento 9056.

determinación de la División de Apelaciones, quien a su vez confirmó la determinación de inelegibilidad de la Oficina Local del NSE. En síntesis, reclama que, el 3 de abril de 2026, la árbitro de la División de Apelaciones llevó a cabo una audiencia sin su comparecencia y nos pide intervenir.

Por su parte, el NSE solicita la desestimación de la revisión judicial por incumplimiento con los requisitos reglamentarios del Tribunal de Apelaciones. Indica que, conforme lo dispuesto en la Regla 59(E)(1) del Reglamento del Tribunal de Apelaciones, la recurrente incumplió con facilitar el apéndice del recurso de revisión. Por lo anterior, suplica la desestimación del caso. En base a los méritos del caso, añade que, a tenor con el Reglamento 9056 del DTRH, la árbitro estaba autorizada para realizar una determinación en base al expediente luego de haber certificado la incomparecencia de la recurrente. Además, incluye que, de ser las alegaciones de la recurrente ciertas, esta debió notificar oportunamente al DTRH para tomar las medidas correspondientes en cuanto al método para la audiencia. En cambio, indica que la Sra. Nieves Rivas se cruzó de brazos y no compareció a la audiencia telefónica.

En cuanto a la solicitud de desestimación, es menester puntualizar que la Regla 59(E)(2) del Reglamento del Tribunal de Apelaciones sostiene que un recurso de revisión judicial no será desestimado por omisión de documentos, sino que el tribunal *motu proprio* podrá solicitarlos o permitir la presentación del apéndice con posterioridad.[11] Es bajo esta reconocida autoridad que el 8 de enero de 2026, emitimos *Resolución* ordenándole al NSE proveer copia certificada de la totalidad del expediente SJ-00928-25, con el fin de resolver la presente causa de acción. Siendo así, declaramos No Ha Lugar la solicitud de desestimación de la parte recurrida.

---

[11] Véase, Regla 59(E)(2) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

Resuelto este asunto, procedemos a resolver el recurso ante nuestra consideración. Para así hacer, hemos analizado las disposiciones reglamentarias relativas al proceso de apelación frente al DTRH.

Estudiado el Reglamento 9056, podemos ver que conforme su sección 6.2(b), una vez se presenta una solicitud de audiencia ante la División de Apelaciones, se determinará si la audiencia se celebrará personalmente, por vía telefónica u otro medio electrónico disponible. La mencionada sección inclusive permite a las partes solicitar un método distinto al dispuesto, siempre y cuando ocurra en un plazo no menor de cinco (5) días calendario previo al señalamiento. Asimismo, dispone que de no recibirse objeción, se entenderá que las partes brindaron su anuencia al método escogido. En particular, la aludida sección indica que si **al momento de generar las llamadas telefónicas, la parte apelante no contesta el teléfono o no puede ser localizada, se entenderá como que no compareció y el árbitro tendrá la anuencia de continuar sin su comparecencia o resolver por el expediente.**

Según surge del expediente ante nuestra consideración, a la señora Nieves Rivas se le remitió una *Orden y señalamiento de audiencia ante el árbitro* en la que se le citó a una audiencia telefónica para el 3 de abril de 2025 a las 11:30am. Además, se le notificó que la audiencia se llevaría a cabo de manera telefónica según sigue:

> Recibirá una llamada telefónica 15 minutos antes de la hora pautada o más tarde ese día. Deberá mantener su línea telefónica desocupada y estar en espera de la llamada. Se llamará al número de teléfono del expediente identificado al final de este documento. Si interesa actualizar el número de teléfono que [con]sta en el exp[e]diente, deberá comunicarse o enviar correo electrónico a la División de Apelaciones ante el Árbitro cinco (5) días antes de la fecha de la audiencia, y si no hace esa gestión renuncia a plantear que su teléfono es distinto al que consta en el expediente. Si no cuenta con un teléfono o si el mismo no está en el expediente, debe notificarlo a la División de Apelaciones ante el Árbitro para que pueda utilizar un teléfono o si el mismo no está en el expediente, debe notificarlo a la División de Apelación ante el Árbitro para que pueda utilizar un teléfono oficial en la Oficina Local, de ser necesario.
> […]

> Si usted o alguna de las partes no comparece a la audiencia telefónica se entenderá que renunció a participar. También se entenderá que desistió de sus alegaciones y que consintió a que se resuelva el caso con la evidencia que obre en el expediente.

El día de la audiencia, conforme surge de la regrabación provista por el NSE, la árbitro llamó a la recurrente en tres (3) ocasiones al número telefónico 939-223-7898.[12] En la primera ocasión, el teléfono sonó en múltiples ocasiones hasta proceder a mensaje de voz. En el segundo intento, el teléfono sonó en una ocasión y se redirigió al buzón de llamada. Finalmente, en la última oportunidad, la llamada avanzó directamente al buzón de voz, donde la árbitro grabó un mensaje informando a la recurrente que ante su incomparecencia el caso sería determinado a base del expediente. Así las cosas, se dio por sometido el caso y el 1 de agosto de 2025 se le notificó a la señora Nieves Rivas la *Resolución de no comparecencia* mediante la cual se confirmó la determinación del NSE. En ella, se indicó que la decisión surgió en consideración al expediente administrativo, por esta no haber comparecido a la audiencia.

Podemos apreciar que, conforme las disposiciones reglamentarias del DTRH, la señora Nieves Rivas fue notificada oportunamente del procedimiento a seguir en la audiencia por la vía telefónica. Incluso, se le advirtió de las opciones que tenía ante circunstancias tales como, cambio de número telefónico o la no disponibilidad del aparato electrónico. Subsiguientemente, no cabe duda de que, según el registro de grabación, el día de la audiencia la árbitro realizó tres (3) llamadas, sin éxito, para conseguir a la recurrente. Aun así, no surge del expediente ni del recurso que, en fechas cercanas al 3 de abril de 2025, día de la audiencia, la recurrente se haya comunicado con la Oficina de Apelación del DTRH para notificar defectos en la llamada.

---

[12] Preciso resaltar que, según los documentos de solicitud de audiencia presentados por la recurrente, el número a comunicarse era el 939-223-9661. Sin embargo, surge de la regrabación de la audiencia que la recurrente se había comunicado con la División de Apelación del DTRH, previo a la audiencia, e informó que el número correcto era el 939-223-7898.

Ante este cuadro fáctico, estimamos que la Árbitro realizó los esfuerzos necesarios para contactar a la recurrente sin dar con su paradero. También, concluimos que al emitir una determinación basada en la totalidad del expediente y sin la comparecencia de la señora Nieves Rivas, actuó conforme el Reglamento 9056 le permite hacer y sostenemos su decisión.

**IV.**

Por las razones antes dadas y según adelantamos, **confirmamos** la determinación administrativa.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones